EASTGATE PLAZA, INC., Plaintiff-Appellant, *v.* MEYER HURWITZ JEWELRY Co., Defendant-Appellee.

(No. 73-231; ▮▮▮▮▮▮)

Fifth District—May 13, 1974.

Ross Armbruster, of Alton, for appellant.

Samuel F. Ross, Jr., and Eli C. Seigel, both of Belleville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff filed suit in the Circuit Court of Madison County for rent alleged to be due under a written lease. The lease provided for a payment of a percentage of sales and plaintiff contended that it was entitled to this percentage for the years ending September 30, 1965, and September 30, 1966. Defendant contended that plaintiff was not the one entitled to said rental payments and that the rental payments had been made.

Plaintiff through its president notified defendant August 1, 1967, as follows: "This letter will serve to notify you that the Eastgate Plaza Shopping Center has been sold and that the lease agreement covering your store in the Eastgate Plaza Shopping Center has been assigned to the new owners. Effective immediately, please direct all future rental payments to:

Eastgate Plaza, Ltd.
c/o The Portland Investment Co. of America
2800 North Milwaukee Road
Chicago, Illinois 60618

All other communications relating to the said lease agreement, including notices, should be similarly addressed."

The suit was filed in 1970. After a bench trial judgment was entered for defendant. Shortly thereafter the first trial judge retired from office and a second trial judge granted plaintiff's motion for a new trial. A second bench trial resulted in judgment for defendant, from which judgment plaintiff has taken this appeal.

It was plaintiff's position that the assignment did not include rentals which had become due at the time the assignment was made but only covered future rentals.

Considerable correspondence was introduced into evidence. Portland Investment Co., rental agent for the new owners, on May 8, 1968, wrote requesting payment of $1,897.41 for rental due for the period from October 1, 1966, through September 1967. Defendant replied that their safes had been blown and most of their records destroyed and since they could not verify the figures they would accept them as correct representing the additional rental due to October 1, 1967. They enclosed a check for $1,897.41 which was cashed.

Thus the evidence shows that the new owner took the position that

it was entitled to past due rentals. It further shows a substantial payment to the new owner by the lessee on account of rentals due before the assignment. The letter from the plaintiff announcing the assignment carries an implication that the rental payments follow the assignment. Also suit was not filed until over 2 years after the payment to the new owners and then the new owners were not joined in the suit, nor was the assignment introduced into evidence.

From a review of the entire record, we conclude that plaintiff failed to prove its case.

Judgment of the Circuit Court of Madison County is affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.